**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

BRETT HODGE,

    Plaintiff,

v.

THE RITZ-CARLTON HOTEL, BACHELOR GULCH,
    A Foreign Limited Liability Company,  and
THE RITZ CARLTON HOTEL COMPANY, LLC,
    A Foreign Limited Liability Company, and
DOE ENTITIES 1-10, whose true name is unknown,

    Defendant(s).

---

**COMPLAINT FOR DAMAGES**

---

The Plaintiff, Brett Hodge, by and through his attorney, Steven D. Weier, for his Complaint against the Defendants, states and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action under C.R.S. § 13-21-115 for injuries and damages suffered by the Plaintiff while an invitee of the Defendant on real property, or in the alternative, negligence if the Court finds that an action under C.R.S § 13-21-115 is not appropriate.
2. At the time of the incident which gave rise to the Complaint, the Plaintiff was and continues to be a resident of the State of Washington.
3. Defendant, The Ritz Carlton Hotel, Bachelor Gulch – aka – The Ritz Carlton Hotel Company, LLC, is a Foreign Limited Liability Company, registered in Delaware with a principal place of business located at 10400 Fernwood Road, Dept. 92413, Bethesda, MD  20817.
4. Upon information and belief, at all times relevant to this case, Defendant Ritz-Carlton Hotel Company, LLC was the owner and operator of The Ritz-Carlton Hotel, Bachelor Gulch and the restaurant and outdoor dining areas, all located at 0130 Daybreak ridge Road – Avo, CO  81620.
5. Upon information and belief, at all times relevant to this case, the subject incident which forms the basis for this action occurred on June 8, 2020, on the premise located at Ritz-Carlton Bachelor Gulch located at 0130 Daybreak Ridge Road –

    Avon, CO  81620.   (The Defendants shall be referred to jointly and severally as "Defendant Ritz Carlton" hereafter)

6. Upon information and belief, on June 8, 2020, the Plaintiff was upon the premises of the Ritz-Carlton, dining at an outside table provided for patrons of the restaurant.  The weather at that time included wind gusts on occasion.  A gust of wind dislodged an unsecured umbrella from an adjacent table causing the umbrella shaft to strike the Plaintiff in the head.
7. Jurisdiction in this matter is proper pursuant to CRS § 13-1-124(1)(b) since the negligent or tortious acts) that form(s) the basis for this lawsuit occurred within the State of Colorado and because the special damages claimed exceed the jurisdictional minimum of this Court, as do the general damages claimed.
8. This Court has personal and Diversity Jurisdiction over the parties of this action as Defendant Ritz-Carlton is located within the State of Colorado, whose principal place of business is located at 10400 Fernwood Road – Dept 92413 – Bethesda, MD  20817, and the plaintiff is a resident of the State of Washington.
9. This Court has subject matter jurisdiction over this matter civil matter which is a Complaint for personal injuries which occurred within the State of Colorado.
10. Venue is proper as the incident that forms the basis for this action occurred in Eagle County, Colorado.

## FIRST CLAIM FOR RELIEF
### (Premises Liability against Defendant Ritz-Carlton

11. Plaintiff incorporates herein by reference the factual allegations contained in paragraphs 1 through 10 above.
12. On or about June 8, 2020, Defendant Ritz-Carlton was in the business of owning and operating a hotel and several restaurants located on the real property located at 0130 Daybreak Ridge Road – Avon, CO  81620.
13. On or about June 8, 2020, the property was real property within the meaning of C.R.S. § 13-21-115.
14. On or about June 8, 2020, the Defendant Ritz-Carlton was legally responsible for the condition of said property, and for the safety of its patrons and circumstances existing on said property and were therefore "landowners" as defined in C.R.S § 13-21-115.
15. As landowners, the Defendant Ritz-Carlton were and are liable for injury occurring to persons, including the Plaintiff, while on the property by reason of the condition of the property or activities conducted or circumstances existing on the property as provided in C.R.S § 13-21-115.
16. On or about June 8, 2020, Defendant Ritz-Carlton was aware that the outside restaurant and dining area frequently experienced gusts of wind sufficiently strong to dislodge shade umbrellas from the tables to which they were inserted.
17. On or about June 8, 2020, Defendant Ritz-Carlton failed to secure the outside shade umbrellas from the tables to which they were inserted to prevent them from being dislodged by gusts of wind.

18. On or about June 8, 2020, Defendant Ritz-Carlton knew, or should have known that a gust of wind could dislodge the shade umbrella, and that a shade umbrella that was dislodged by wind was a condition that would be dangerous to patrons near the umbrella.
19. The Defendant Ritz-Carlton unreasonably failed to exercise reasonable care to protect persons such as the Plaintiff against the dangers from a dislodged umbrella which the Defendants knew or should have known existed on the property when they failed to properly secure or remove the umbrella to avoid said dislodgement.
20. Plaintiff's injuries and damages were caused by Defendant Ritz-Carlton's unreasonable failure to exercise reasonable care to protect persons such as the Plaintiff against dangers of which the Defendant Ritz-Carlton knew or should have known as provided in C.R.S. § 13-21-115.
21. As a direct and proximate result of the Defendant Ritz-Carlton's actions or inactions as described herein the Plaintiff suffered injuries and damages, including but not limited to:
    a. Severe physical injuries;
    b. Significant past and future pain, suffering and anguish;
    c. Temporary impairment and disability;
    d. Permanent impairment and disability;
    e. Loss of earnings;
    f. Loss of earning potential;
    g. Medical expenses;
    h. Inconvenience, loss of enjoyment of life and disruption of lifestyle;
    i. Legal fees; and
    j. Other injuries, losses and damages as may be established by the evidence to be presented to the Court.
22. Under the provisions of C.R.S. § 13-21-115, the Defendant Ritz-Carlson are jointly and severally liable to the Plaintiff for the injuries and damages suffered s described herein.

### SECOND CLAIM FOR RELIEF
(Negligence against Defendant Ritz-Carlton

23. Plaintiff incorporates herein by reference the factual allegations contained in paragraphs 1-22 above.
24. The Defendant Ritz-Carlton negligently allowed a dangerous condition to exist on the premises, which resulted in the Plaintiff's injuries.
25. The Defendant Ritz-Carlton knew or should have known that the premises was subject to gusts of wind; that the umbrella in question was unsecured; that an unsecured umbrella in an environment of gusts of wind could dislodge the umbrella; and that it was foreseeable that a dislodged umbrella could strike a patron on the premises and cause injury and damages.

26. Defendant Ritz-Carlton's failure to warn the Plaintiff of the dangerous condition, was a breach of Defendant Ritz-Carlton's duty of care.
27. Defendant Ritz-Carlton's failure to remove the dangerous condition, was a breach of Defendant Ritz-Carlton's duty of care.
28. Defendant Ritz-Carlton's failure to prevent the dangerous condition, was a breach of Defendant Ritz-Carlton's duty of care.
29. As a direct and proximate result of Defendant Ritz-Carlton's breach of its duty to prevent, warn or remove the dangerous condition, the Plaintiff suffered injuries and damages including but not limited to the following:
    a. Severe physical injuries;
    b. Significant past and future pain, suffering and anguish;
    c. Temporary impairment and disability;
    d. Permanent impairment and disability;
    e. Loss of earnings;
    f. Loss of earning potential;
    g. Medical expenses;
    h. Inconvenience, loss of enjoyment of life and disruption of lifestyle;
    i. Legal fees; and
    j. Other injuries, losses and damages as may be established by the evidence to be presented to the Court.

WHEREFORE, Plaintiff prays to the Court as follows:

a. For judgment in favor of the Plaintiff and against the Defendant Ritz-Carlton, jointly and severally, in such amount as may be established by the evidence presented to the Court;
b. For pre-judgment interest and post-judgment interest and costs as provided by law; and
c. For such other and further relief as the Court may deem proper.

/s/ *Steven D. Weier*
**Steven Weier**
The Law Offices Of Steven D. Weier, PS
331 – Andover Park E.
Tukwila, WA  98188
Telephone: (253) 931-0332
Email: steven@weierlaw.com
Attorney for Plaintiff – Brett Hodge