IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01384-PAB

BRETT HODGE,

    Plaintiff,

v.

BACHELOR GULCH PROPERTIES, LLC, a foreign limited liability company,
THE RITZ CARLTON HOTEL COMPANY, LLC, a foreign limited liability company, and
DOE ENTITIES 1-10, whose true name is unknown,

    Defendants.

## ORDER TO SHOW CAUSE

    The Court takes up this matter *sua sponte* on plaintiff's First Amended Complaint for Damages [Docket No. 18] filed on June 29, 2022.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to

challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff asserts that this Court has "Diversity Jurisdiction over the parties of this action."  Docket No. 18 at 2, ¶ 8.  Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  The facts presently alleged are insufficient to establish the citizenship of any party.

Plaintiff states that, "[a]t the time of the incident which gave rise to the [c]omplaint, the [p]laintiff was and continues to be a resident of the State of Washington."  Docket No. 18 at 1, ¶ 2.  However, residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  Courts are to consider the "totality of the

circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").  Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence.  *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).  Plaintiff has failed to allege his citizenship.

Plaintiff alleges that defendant "Bachelor Gulch Properties LLC – aka – The Ritz Carlton Hotel Company, LLC, is a Foreign Limited Liability Company, registered in Delaware with a principal place of business" in Coconut Grove, Florida.  Docket No. 18 at 1, ¶ 3.  The citizenship of a limited liability company is determined by the citizenship of all of its members.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").  Thus, the citizenship of Bachelor Gulch Properties LLC – aka – The Ritz Carlton Hotel Company, LLC is not determined by where it is registered or its principal place of business, but rather by the citizenship of its members.  Plaintiff does not

identify Bachelor Gulch Properties LLC – aka – The Ritz Carlton Hotel Company, LLC's members or their citizenship.

Plaintiff also names "DOE ENTITIES 1-10, whose true name is unknown" in the caption of his complaint.  Docket No. 18 at 1.  These entities are not referenced in the allegations within plaintiff's complaint and plaintiff does not make any allegations regarding the identity or citizenship of these Doe entities.  *See id.*  Although "[t]he Tenth Circuit has not opined on whether the naming of unknown Doe defendants with the filing of a complaint in federal court destroys diversity jurisdiction," a number of trial courts "have found that plaintiffs who fail to identify the citizenship of each John Doe defendant fail to establish diversity jurisdiction" as a general rule.  *United Financial Cas. Co. v. Lapp*, No. 12-cv-00432-MSK-MEH, 2012 WL 7800838, at *5 (D. Colo. Oct. 12, 2012) (collecting cases), *report and recommendation adopted*, 2013 WL 1191392 (D. Colo. Mar. 21, 2013).  There are three acknowledged exceptions to the general rule that including Doe defendants destroys diversity, "(1) . . . naming a Doe defendant does not defeat a named defendant's right to remove a diversity case if its citizenship is diverse from the plaintiff's; (2) if the Doe defendant is merely a 'nominal' party, it may be irrelevant to diversity jurisdiction; and (3) the domicile of a fugitive defendant will be considered to be his domicile before he fled."  *Id.* at *6 (citing *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir.1996)).  This case was not removed, and plaintiff makes no allegations that there are fugitive defendants.  *See* Docket No. 18. Only the second exception could apply in this case.  "[A] fictitious party is 'nominal' if the plaintiff includes the party in the complaint in the event that during discovery he identifies any additional defendants he wishes to add to the suit. . . .  A fictitious party is

not nominal, though, where the plaintiff knows that there are specific additional defendants he wishes to sue, but is uncertain as to their names." *United Financial*, 2012 WL 7800838, at *6 (quoting *Moore*, 91 F.3d at 850). Plaintiff has not established that the Doe defendants are nominal parties and has provided no other reason for the Court to believe their presence does not destroy diversity jurisdiction under the general rule.

Because the allegations are presently insufficient to allow the Court to determine any party's citizenship, the Court cannot determine if it has jurisdiction.

Accordingly, it is

**ORDERED** that, on or before **September 30, 2022**, plaintiff shall show cause as to why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED September 21, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge